22 C. C. P. A. (Patents)

## In re MURRAY.

### Patent Appeal No. 3474.

Court of Customs and Patent Appeals.
May 27, 1935.

Usina & Rauber, of New York City (Conrad A. Dieterich and D. Anthony Usina, both of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming the decision of the Examiner, rejecting, for want of patentability in view of the prior art, claims 20, 21, 25, 26, 27, and 29 of appellant's application. Claims 1 to 19, inclusive, 22, 23, 24, and 28 of appellant's said application were allowed.

Appellant's instant application is for a reissue of patent No. 1,744,078, issued to appellant January 21, 1930.

Of the claims on appeal, claim 20 is illustrative, and reads as follows: "20. A radiator for heating and circulating the air of a room comprising a single horizontally extending heating element and a radiating structure comprising two plates constituting the external walls of the radiator and applied respectively to the opposite sides of the heating element and corrugated to form relatively high vertical flues closed at the sides and open at the ends and extending beyond the heating element so as to provide an extended heating surface for the air and to induce a substantial draft of such heated air through the flues."

The references relied upon by the board are:

Baker, 105,886, August 2, 1870.

Hamilton (British), 18,044, August 19, 1904.

The patent to Suter, 1,514,877, also relied upon by the Examiner, was referred to in the decision of the board, as hereinafter set out.

The Examiner rejected the claims here on appeal on the ground of unpatentability in view of the prior art, as hereinbefore stated. He further rejected claims 20 and 21 upon another ground, but his rejection upon this ground was expressly reversed by the Board of Appeals; therefore such ground of rejection of claims 20 and 21 is not before us. In re Wagenhorst, 64 F.(2d) 780, 20 C. C. P. A. (Patents) 991.

The nature of appellant's claimed invention is briefly stated by the Examiner as follows: "The invention here in issue is a radiator comprising a tubular heating fluid conducting element, which may be constructed in a variety of different forms as is illustrated in the drawings. The heating element is inclosed in a corrugated sheet metal casing or flue, the inner portions of the corrugations being arranged to contact with the heating element, thus forming vertical air passages for the circulation of the air in intimate contact with the walls of the heating element, such circulation being accomplished by means of the well known principle of convection currents."

In one of the simplest forms of the device shown in appellant's drawings, two horizontal tubular heating elements are shown, one positioned above the other, the two being joined at their centers by a vertical connecting element. About these heating elements is positioned a box-like structure made of sheet metal, the sides of which are corrugated, the corrugations of the two sides co-operating to form a series of V-shaped vertical flues through which air may ascend and pass about the heating elements. This box-like structure is suitably fastened to the heating elements to establish thermal contact between said structure and the heating elements. The announced purpose of the appellant is the conduction of heat from the heating elements to the walls of this box-like structure and thence to the atmosphere of the room to be heated, thus providing a large radiating surface, and utilizing the automatic draft created by convection.

The patent to Hamilton relates to the construction of a radiator for cooling internal combustion engines, or for condensing the exhaust steam from steam en-

gines. It shows a tube through which is passed the heated fluid, and mounted upon said tube, on opposite sides of the same, are two metal strips, corrugated in form. The patentee states the object of the invention to be to provide such strips in corrugated form to obtain a comparatively large radiating surface, and to have said strips so mounted on the tube that a good thermal contact will be attained for the conduction of heat from the tube to the corrugated strips. The drawings of the Hamilton reference show only one unit, rather than a complete radiator or condenser, and it is obvious that a number of such units are intended to be used in order to make such radiator or condenser. The Examiner regarded the disclosure of this reference as showing that the patentee intended that, when used in a radiator or condenser, such units would be so disposed that the air channels, or flues, between adjacent corrugated metal strips, would be in a horizontal position, and not vertical as in appellant's application. This view of the Hamilton structure was concurred in by the Board of Appeals, is accepted by appellant's counsel and the Solicitor for the Patent Office, and is, we think, warranted by an examination of said reference.

The patent to Baker relates to steam radiators, and the pertinent feature of his disclosure is that he shows, interposed between a series of steam conducting tubes, a series of corrugated metal strips. He states as one object of his invention the provision of an increased radiating surface without increasing the outside dimensions of the radiator. The important feature of the Baker disclosure, so far as the present case is concerned, is that it is clear that the patentee intended to use his structure in such a way that the channels or flues between adjacent corrugated strips would be disposed in a vertical direction, in much the same manner as is shown in appellant's application.

The patent to Suter relates to what he terms a "heat exchanger," and consists primarily in a radiator arrangement disposed about the ordinary heating stove. The board intimated that, in its opinion, Suter was not as satisfactory a reference as Baker, and limited its affirmance of the Examiner's rejection upon prior art to the ground that the claims are not patentable over Hamilton in view of Baker. In view of our conclusion with reference to the applicability of the reference Hamilton in view of Baker, it is not necessary for us further to consider the patent to Suter.

The question for determination is whether appellant's claimed structure involved invention over the disclosure of the Hamilton patent, in view of the disclosure of the patent to Baker.

It is conceded that the flues shown by Hamilton lie horizontally, and that therefore the principle of convection is not involved in said patent. However, this principle is clearly involved in the patent to Baker, and it was the view of both the Examiner and the Board of Appeals that, in view of the patent to Baker, it would not involve invention so to change the position of Hamilton's radiator that the flues would occupy a vertical position, and that, as thus modified, the Hamilton patent would read upon the claims here involved so far as patentability is concerned. We are in agreement with this view of the Patent Office tribunals.

It is true that Hamilton did not contemplate the radiation of heat for the purpose of heating rooms, but he did contemplate the radiation of heat from the heating element for the purpose of cooling the water utilized with an internal combustion engine. The general purposes of appellant and Hamilton are the same, viz., to radiate heat from the heating element in the radiator. Hamilton was not concerned with the use of the heat so radiated, and with his flues in a horizontal position, the principle of convection could not be applied. However, if his radiator was so changed that his flues lay in a vertical position, the principle of convection would apply. Whether so changing the position of Hamilton's radiator would involve invention in the absence of the Baker patent we need not here decide, for the reason that Baker clearly shows flues similar to those of appellant, in a vertical position in thermal contact with the heating element, in which the principle of convection is clearly applied.

Appellant contends that this principle would not apply to Baker's structure for the alleged reason that, as stated in his brief, "The air heated in the Baker apparatus passes in a *horizontal* direction out of the heater." (Italics quoted.) We

find no warrant in either the written specification of Baker, or his drawings for this statement. His specification states: "The usual openings are provided in the lower part of the case, for admitting atmosphere, and in the upper part for the warm air to pass into the building."

From the foregoing, we must assume that the air passes from the radiator either vertically or at an ascending angle, and the principle of convection is relied upon for heating the building by inducing a draft through the air flues.

In view of this fact, we think one skilled in the art, with the Hamilton and Baker patents before him, would recognize without any exercise of the inventive faculty that the position of Hamilton's radiator could be so changed that it could be employed for the heating of rooms upon the principle of convection. In other words, from these two patents appellant's construction could be produced by one skilled in the art without the exercise of invention.

Appellant contends that, even if the Hamilton radiator was so changed that the flues occupied a vertical instead of a horizontal position, the flues would be too short to produce any substantial draft, and in his brief it is stated that with Hamilton's radiator in such changed position, the structure would be about 16 inches wide, 16 inches long, and about 3 inches in height. While we find nothing in Hamilton's specification respecting the dimensions of his complete radiator, it must be conceded that his complete radiator, when positioned so that the air passages are vertical, would be relatively shallow. With respect to the contention of appellant that the flues of the Hamilton radiator, when so positioned, would not produce a substantial draft, the Board of Appeals in its decision said:

"It is the examiner's view that it would not amount to invention to so dispose the flues of the Hamilton structure that a draft would be produced in view of the teachings of Baker or Suter. It seems to us that the Hamilton construction, if disposed with the flues vertical, would inherently produce a substantial draft due to the disclosed relation of the parts. It seems obvious that one desiring a natural circulation of air about the tubes of Hamilton would arrange the flues in a vertical direction. If any teaching is necessary as to this, the Baker patent is deemed sufficient for the purpose.

"The disclosed flues are of somewhat greater length than those of the Hamilton patent but we find nothing in the claims that necessitates a greater length, and, moreover, this by itself would involve a mere change in degree."

We are in agreement with the views of the board above quoted.

It appears from the record that a claim similar in scope to the claims here involved has been allowed in a patent to one Phelps, and appellant contends that this fact indicates a sufficient doubt as to the unpatentability of the claims here involved to justify their allowance. Inasmuch as we have no doubt concerning the correctness of the concurring decisions of the Patent Office tribunals, the fact that a claim similar to those here involved has been allowed in another patent is immaterial. In re De Lany, 46 F.(2d) 370, 18 C. C. P. A. (Patents) 924.

Other minor points were urged by appellant's counsel as lending patentability to the claims. It is sufficient to say that we have given them due consideration, but find nothing in them to lead us to the conclusion that the claims should be allowed.

For the reasons stated herein, the decision of the Board of Appeals is affirmed.

Affirmed.